**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| V. | * | |
| | * | NO: 4:13CR00131-03 SWW |
| JAMES P. WESTLAKE | * | |
| | * | |
| | * | |

## **ORDER**

Now before the Court is a motion by defendant James P. Westlake ( Westlake )[1] for severance (ECF No. 36).  The United States has responded in opposition (ECF No. 41), and the matter is ready for decision.  After careful consideration, and for reasons that follow, the motion is denied without prejudice to renew.

When a defendant moves for severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8, which permits joinder of two or more defendants if they are alleged to have participated in the same act or in the same series of acts, constituting an offense.  In this case, Westlake and his co-defendants are charged with participating in the same act and series of acts constituting theft of government property. Accordingly, the Court finds that defendants are properly joined.

Even when joinder is proper, Federal Rule of Criminal Procedure 14(a) provides that a court may order severance of defendants or other appropriate  relief  if  it appears that the

---

[1] All references to defendant Westlake in this order identify James P. Westlake, not his co-defendant Barbara L. Westlake.

defendant seeking severance is prejudiced by joinder.  Westlake argues that a joint trial in this case is likely to prejudice him because the Government will offer inculpatory statements by his co-defendants.  Under *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620 (1968), a defendant's right to confront and cross examine witnesses against him is violated when a non-testifying co-defendant's statement, which inculpates the accused, is admitted into evidence without sufficient safeguards.

A jury trial in this case is scheduled to begin on November 17, 2014.[2]  At this early stage in the case, it remains uncertain whether the charges against Westlake's co-defendants will proceed to trial, whether Westlake will have an opportunity to conduct cross examination, or whether sufficient safeguards would prevent any Confrontation Clause violations and permit a joint trial.  Accordingly, the Court finds that the motion to sever is premature.

IT IS THEREFORE ORDERED that Defendant James P. Westlake's motion for severance (ECF No. 36) is DENIED WITHOUT PREJUDICE TO RENEW.

IT IS SO ORDERED THIS 8th DAY OF APRIL, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[2] Westlake filed the present motion on March 4, 2014, when trial in this matter was scheduled to begin on March 31, 2014.  On March 5, 2014, the Court continued the trial date to November 17, 2014.